Filed 11/20/23  P. v. Otten CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TROY PHILLIP VAN OTTEN,<br><br>    Defendant and Appellant. | D081644<br><br><br>(Super. Ct. No. SCD237822) |

APPEAL from an order of the Superior Court of San Diego County, Desiree A. Bruce-Lyle, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for the Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Katherine Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, Troy Phillip Van Otten pleaded guilty to robbery with a personal discharge of a firearm enhancement, assault with a firearm,

possession of a firearm by a felon, and possession of drug paraphernalia. Van Otten also admitted a strike prior, a serious felony prior, and a prison prior. The trial court sentenced Van Otten to a total of 27 years in prison, including 20 years for the firearm enhancement and five years for the serious felony prior conviction. Since then, the California Department of Corrections and Rehabilitations (CDCR) has twice recommended resentencing for Van Otten. Both times, the trial court considered the request and declined to resentence him.

Van Otten now appeals from the second denial, arguing the court's determination that he poses a danger to public safety is unsupported by the evidence and that the court failed to consider mitigating factors, specifically his rehabilitation in prison. As we shall explain, we reject these arguments and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On June 29, 2011, Van Otten and an accomplice entered a barbecue restaurant wearing masks over their faces. Van Otten approached the store clerk, who was counting money at the register. He then pointed a gun at the clerk and demanded the money. When the clerk did not comply, Van Otten fired the gun at the wall next to the clerk and repeated his demand. Van Otten then grabbed the cash while his accomplice went behind the counter to look for more money. Both men then ran out of the store and fled in a car.

Van Otten's home was searched the following month after a probation violation, and law enforcement officers found a revolver hidden in a storage shed and a pipe for methamphetamine in Van Otten's bedroom.

---

[1] The facts are taken from the probation report, which was drawn from the transcripts from the preliminary hearing (the factual basis for Van Otten's guilty plea and the police reports.

On February 28, 2013, Van Otten pleaded guilty to robbery (Pen. Code, § 211[2]; count 1); assault with a firearm (§ 245, subd. (a)(2); count 2); possession of a firearm by a felon (former § 12021, subd. (a)(1)(now § 29800, subd. (a)(1)); count 3); and possession of drug paraphernalia (Health & Saf. Code, § 11364; count 4). With respect to count 1, Van Otten admitted he personally discharged a firearm (§ 12022.53, subd. (c)). He also admitted a strike prior (§ 667, subds. (b)–(i)), a serious felony prior (§ 667, subd. (a)(1)), and a prison prior (§ 667.5, subd. (b)), which were based on convictions in 1990, including a guilty plea for assault with a firearm, and 2003.

On April 10, 2013, the superior court struck the strike prior and prison prior, and sentenced Van Otten to a total term of 27 years in prison, consisting of the low term of two years on count 1, a consecutive 20-year term for the personal discharge of a firearm allegation, a consecutive five-year term for the serious felony prior allegation, and a concurrent 16-month term on count 3. The court stayed the sentence on count 2 under section 654, and dismissed count 4.

In 2018, the CDCR wrote a letter to the superior court recommending that Van Otten be resentenced under former section 1170, subdivision (d)(1). After a hearing, the court declined to resentence Van Otten. He appealed, and this court affirmed the trial court's order denying the resentencing request. (*People v. Van Otten* (July 29, 2020, D076725) [nonpub. opn.].)

Subsequently, the CDCR again recommended Van Otten for resentencing, this time under the authority of section 1172.1. The trial court appointed counsel for Van Otten and, on January 26, 2023, conducted another resentencing hearing. At the hearing, the court stated it had reviewed the relevant evidence, including the brief and exhibits submitted on

---

[2]     Subsequent undesignated statutory references are to the Penal Code.

Van Otten's behalf by his appointed counsel and an opposition brief filed by the district attorney, who argued that Van Otten's sentence should not be reduced. At the conclusion of the hearing, the court found that Van Otten continued to pose a risk of danger to public safety and declined to resentence him. Van Otten filed a timely notice of appeal from that decision.

DISCUSSION

Van Otten argues that the trial court's decision not to resentence him was an abuse of its discretion because its finding that he posed an unreasonable risk of danger to public safety is not sufficiently supported by the evidence. In addition, Van Otten asserts the court erred by failing to consider his rehabilitation efforts in prison and his plans for continued rehabilitation after release. Finally, Van Otten argues that the trial court erred by failing to consider section 1385, subdivision (c)(2).

I

Section 1172.1, subdivision (a)(1) authorizes a court to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced" on the court's own motion within 120 days after sentencing or at any time upon a recommendation from the Secretary of the CDCR or other specified persons.

The goal of such resentencing is to "eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) Section 1172.1, subdivision (a)(4) provides: "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that

4

circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, ... and whether those circumstances were a contributing factor in the commission of the offense."

Under the statute, when the Secretary of the CDCR recommends resentencing there is a "presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c) states that " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." That provision, in turn, includes " 'eight types

of particularly serious or violent felonies, known colloquially as "super strikes." ' "[3] (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.)

We review the trial court's resentencing determination for an abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no

_____

[3] The eight super strikes are: "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 286, or sexual penetration with another person who is under 14 years of age and more than 10 years younger than the defendant, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machinegun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(I–VIII).)

reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571 (*Strother*).)

However, " '[a]ll discretionary authority is contextual.' [Citation.] Thus, we cannot determine whether a trial court has acted irrationally or arbitrarily without considering the legal principles and policies that should have guided the court's actions. [Citation.] Further, ' "[t]he facts upon which the court's finding of unreasonable risk is based must be proven by the People by a preponderance of the evidence ... and are themselves subject to [appellate] review for substantial evidence." ' " (*Strother, supra*, 72 Cal.App.5th at p. 571.)

## II

At the resentencing hearing, the court stated that it had both initially sentenced Van Otten and also presided over the prior denial of recall and resentencing. The court then explicitly recognized the applicable standard under section 1172.1, which created a presumption in favor or recalling and resentencing him. The court then found Van Otten presented an unreasonable risk of danger to public safety. To support its unreasonable risk finding, the court pointed to the district attorney's brief in opposition to resentencing. The court specifically referenced the pages in the brief discussing the court's prior finding that while Van Otten had taken advantage of rehabilitative resources while incarcerated, the court was concerned that outside of the highly structured setting of prison, Van Otten would still be unable to abide by the norms of society.

The pages referenced by the court also discussed Van Otten's criminal record, including the extremely serious admitted present offense of firing a gun during a robbery and, with respect to Van Otten's earlier convictions, "firing an assault rifle in the air several times and holding a gun to a man's

7

face, breaking his nose, and shooting the victim in the back." The pages also contained reference to the record showing that Van Otten had a "documented history of drug abuse, gang affiliation, and mental health struggles." The probation report before the court confirmed the information discussed in the prosecutor's brief.

Before declining to recall the sentence, the court stated it had considered all the exhibits and arguments presented by the parties, but found that the presumption in favor of resentencing was overcome by the facts identified by the prosecutor, and that Van Otten continued to pose a serious risk to the community. The court recognized Van Otten's rehabilitation efforts and explicitly stated that it was not "ignoring everything [he had] done to rehab himself while in custody," and it had balanced those efforts against his violent past.

While Van Otten argues there was no evidence to support the court's findings, we agree with the People that the court's recitation of the undisputed facts of Van Otten's criminal record are sufficient to support its decision. The trial court was reasonably concerned about the violence in the underlying offense and prior convictions, and the possibility of a recurrence of such violence, or worse, in the future. While a generalized reference to past crimes may be insufficient to overcome the presumption in favor of resentencing in some cases, here, the court appropriately looked to the highly violent and serious nature of the specific criminal background of Van Otten, which included a conviction for assault with a firearm and shooting a person in the back. The considerations that Van Otten points to on appeal—the recommendation of the CDCR, his significant efforts at rehabilitation, and the presumption in favor or resentencing—do not show the court abused its discretion by relying on the severity of his prior crimes. Although Van

8

Otten's record during confinement was admirable, we do not agree that the trial court abused its discretion by concluding those facts did not negate the risk of future violence.

Next, Van Otten correctly argues that section 1172.1 allowed the court to consider postconviction factors for purposes of its decision, including his "disciplinary record and record of rehabilitation ... while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(4).)

However, we disagree with Van Otten's assertion that because the court did not explicitly reference the particular evidence he submitted concerning his rehabilitation efforts at the hearing, the court did not consider that evidence. The court stated it had considered all of Van Otten's submissions and, as discussed, explained its rationale for denying the request to recall the sentence based on the violent nature of Van Otten's criminal history. This was sufficient to comply with section 1172.1's directive to consider evidence of rehabilitation, and the requirement that the court "state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1172.1, subd. (a)(6).)

While a different court may have reached another result in this case, it cannot be said that the trial court's conclusion was "arbitrary, capricious or patently absurd," or completely unsupported by the record, such that it

9

amounted to a reversible abuse of discretion.[4] (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)

Finally, Van Otten argues the court erred by not considering the mitigating circumstance contained in section 1385, subdivision (c), which was referred to in the CDCR's recommendation letter to the trial court. This argument lacks merit. "For all criminal sentencings after January 1, 2022, our Legislature in Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021,

---

[4] The two primary cases Van Otten relies on in support of his argument, *Nijmeddin v. Superior Court* (2023) 90 Cal.App.5th 77, and *People v. Whitmill* (2022) 86 Cal.App.5th 1138 (*Whitmill*), do not lead us to conclude otherwise. In *Nijmeddin*, the Court of Appeal issued a preemptory writ of mandate directing the trial court to vacate its decision denying the defendant compassionate release under section 1172.2. The defendant suffered from end-stage pancreatic cancer, had just months to live, and was wheelchair bound. (*Nijmeddin*, at p. 81.) The trial court denied the motion for release based on the severity of the defendant's criminal record, but the compassionate release statute required the court to base its decision concerning the dangerousness of the incarcerated person on that "person's current physical and mental condition"—qualifying language not included in section 1172.1. (*Id.* at pp. 82–83.)

*Whitmill* reversed the trial court's decision to deny pretrial mental health diversion under section 1001.36 based on a finding that the defendant posed an unreasonable risk of danger to public safety. (*Whitmill, supra*, 86 Cal.App.5th at pp. 1150–1152.) Like section 1172.1, the diversion statute required the court to assess the risk to public safety posed by the defendant. The crimes the defendant had been charged with involved firing a gun into the air, but the crime was directly attributable to the defendant's mental illness and the defendant's only prior convictions were theft and the sale and use of drugs. (*Id.* at p. 1151.) No other facts supported the trial court's decision and several mitigating factors supported the opposite conclusion, including the fact that he "peacefully compl[ied] with law enforcement's request that he come forward and (presumably) be arrested" and the evaluating psychologist's report he was a strong candidate for treatment and rehabilitation. (*Ibid*.) Unlike this case, in *Whitmill* there was *no* evidence supporting the trial court's finding the defendant was likely to commit a super strike offense in the future.

10

ch. 721, § 1) has provided direction on how trial courts are to exercise their discretion in deciding whether to dismiss sentencing enhancements." (*People v. Walker* (2022) 86 Cal.App.5th 386, 391.) Specifically, section 1385, subdivision (c)(1) provides that at sentencing, "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) states that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence" of nine listed "mitigating circumstances," any one of which "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

The nine listed "mitigating circumstances" include factors such as mental illness, prior victimization, childhood trauma, use of an inoperable or unloaded firearm, the defendant's status as a juvenile, and the use of a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(A)–(I).) This statute, as Van Otten recognized in the trial court,[5] would be applicable if the court had decided to recall and resentence Van Otten. Because the court exercised its discretion to deny Van Otten's request to recall and resentence, the case was not reopened for a new sentence and the trial court was not obligated to apply section 1385, subdivision (c)(2). (See § 1172.1, subd. (a)(1) [the court may "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced"]; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456, italics omitted ["Once the sentence and commitment have validly been recalled,

---

[5] Van Otten's trial court brief stated, "*if the court opts to resentence*, changes to the law since the original sentencing date [including section 1385] support a reduction in sentence." (Italics added.)

[former] section 1170(d) authorizes the court to 'resentence ... in the same manner as if [the defendant] had not previously been sentenced' "].)

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:


IRION, J.


DATO, J.